**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **NORMA LANDRY BABINEAUX** | **CIVIL ACTION NO. 07-0298** |
| **VS.** | **JUDGE HAIK** |
| **ST. PAUL TRAVELERS INS. CO.** **STANDARD FIRE INS. CO.** | **MAGISTRATE JUDGE METHVIN** |

*JURISDICTIONAL REVIEW RULING*

This case was removed from a local state court based on the allegation of defendants that the matter in controversy exceeds $75,000 and that this court therefore has diversity jurisdiction under 28 U.S.C. §1332. The undersigned issued an order requiring defendants to file a memorandum with supporting documentation setting forth specific facts in controversy which supported a finding that the jurisdictional amount exists.[1] Before the court is defendants' submission on jurisdictional amount.[2] Plaintiff has not responded to defendants' submission.

A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Plaintiff alleges that her home was damaged as a result of Hurricane Rita, and that "defendants have failed to pay all of the sums of money owed to Babineaux as a result of her damages, specifically, the loss of use of her home due to damage caused by the hurricane and the

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 15.

2

cost of relocating until the home could be repaired."[3] Plaintiff contends that her policy limits on the loss of use of her home and relocation expenses is $27,000, and requests "all damages reasonable in the premises."

Plaintiff did not allege the amount of damages sought, nor did plaintiff state that the damages were insufficient for federal court jurisdiction. *See* La. Civ. Code Art. 893 (requiring an allegation regarding the amount of damages when necessary to establish the ". . . lack of jurisdiction of federal courts due to insufficiency of damages . . ."). Moreover, according to defense counsel, plaintiff twice refused to stipulate that the amount in controversy does not exceed $75,000.00. Further, defendants provided information showing that because of the broadly worded request for relief, i.e., "all damages reasonable in the premises," plaintiff's claim could include the flood damage to the home, which was ultimately demolished and rebuilt.

Additionally, plaintiff's claim may include damages for the theft of a "bedroom set, big screen TV, sofa, and mattress set off the front porch" on October 6, 2005.[4] Likewise, because the complaint involves a failure to pay an insurance claim, plaintiff may recover attorney's fees and penalties under Louisiana law. Thus, considering the entirety of the potential damages, defendants have shown that the amount in controversy exceeds $75,000.00.

Once the defendant has met its burden of proving a sufficient amount in controversy, "[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." Grant v. Chevron Phillips Chem. Co. L.P., 309 F.3d 864 (5th Cir.2002). Here, plaintiff has not responded to defendants' assertions regarding the

---

[3] Rec. Doc. 1-2.

[4] See Exhibit A-2.6 and A-2.7 attached to Rec. Doc. 15.

3

jurisdictional amount. Plaintiff has not entered into a binding stipulation, nor has plaintiff clarified the vague allegations in the complaint regarding the damages sought.

Based on the foregoing, the undersigned concludes that the jurisdictional amount has been established and an order of remand would not be appropriate.

Signed at Lafayette, Louisiana, on June 14, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)