**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

**NORMA LANDRY BABINEAUX**                    **CIVIL ACTION NO. 07-0298**

**VS.**

**ST. PAUL TRAVELERS INS. CO.**              **MAGISTRATE JUDGE METHVIN**
**STANDARD FIRE INS. CO.**                   **BY CONSENT OF THE PARTIES**

*RULING ON MOTION TO COMPEL*
*(Rec. Doc. 24)*

Before the court is an unopposed motion to compel and for attorney fees filed by

defendant Standard Fire Insurance Company.  Mover seeks responses to interrogatories and

requests for production of documents propounded on plaintiff on September 25, 2007.[1]  On

December 12, 2007, the undersigned ordered plaintiff to provide responses to the outstanding

discovery by December 19, 2007, in light of Standard Fire's Revised Certificate of Conference,

which stated that "Plaintiff agreed to submit discovery responses before the hearing

[December 19, 2007] date for the motion to compel."[2]  On December 20, 2007, Standard Fire

filed a memorandum stating that plaintiff had not provided discovery responses as required by

the order.  Standard Fire maintains its request for attorney's fees in connection with the pending

motion to compel.

Considering the foregoing,

**IT IS HEREBY ORDERED** that Standard Fire's Motion to Compel is **GRANTED**.

Plaintiffs shall provide full and complete responses to defendant's discovery **within five days of**
**the date of this order.**

---

[1] Rec. Doc. 24.  Local Rule 7.5W requires that written opposition to a motion be filed within 15 days after service of the motion.  Plaintiff has not filed an opposition.

[2] Rec. Doc. 26 and 27.

2

**IT IS FURTHER ORDERED** that, pursuant to F.R.Civ.P. 37(a)(4), plaintiff shall pay the attorney's fees and costs incurred in connection with the filing and prosecution of the instant motion to compel.  Counsel for Standard Fire shall file a motion to set attorney's fees and an affidavit of fees and costs into the record **on or before January 25, 2008** in order to assist the court in the assessment of a reasonable fees and costs award.  The affidavit(s) shall contain: (1) The customary hourly rate of each attorney and paralegal involved; (2) a detailed description of each task completed, and a statement of the amount of time expended upon each task; and (3) an itemized list of expenses incurred.  Failure to file the affidavit in the form required and/or within the deadline imposed will render the award null and void.  **Objections to the affidavit shall be filed on or before February 8, 2008.**

The Clerk of Court shall notice any motion and affidavit filed for consideration on the undersigned's February 2008 motion calendar, without oral argument, as an "assessment of Rule 37(a)(4) fees and expenses."

Signed at Lafayette, Louisiana, on January 8, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)